[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10858
Non-Argument Calendar

_____

Agency No. A79-400-302

YVES DANITZA CANTAVE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 24, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Yves Cantave, a native and citizen of Haiti, petitions this court to review an

order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the Immigration Judge's ("IJ") order of removal and denial of asylum, withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208(a)(1) and 241(b)(3), 8 U.S.C. §§ 1158(a)(1) and 1231(b)(3), and relief under the U. N. Convention Against Torture ("CAT"), 8 U.S.C. § 1231 and 8 C.F.R. § 208.16(c).[1] Cantave argues that she established eligibility for asylum based on a protected ground, specifically membership in a particular social group. She also argues that she established eligibility for CAT relief based on evidence of the possibility that she would be tortured if returned to Haiti.

In this case, the BIA issued its own opinion rather than adopting the IJ's removal order. We therefore review the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA based its decision on a legal determination, review is de novo. D-Mahomed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review the BIA's findings of fact under the substantial evidence test, which requires that we "view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir.

---

[1] In her brief to this court, Cantave does not argue that she qualifies for withholding of removal under the INA. Therefore, she has abandoned that issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2004) (en banc).[2]  We will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  D-Mahomed, 388 F.3d at 818  (quotation omitted).

An alien who arrives in or is present in the United States may apply for asylum.  See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  The Attorney General or the Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of "refugee."  See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.  Not all "exceptional treatment" constitutes persecution.  Zheng v. U.S. Attorney General,

---

[2]  "To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it."  Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

451 F.3d 1287, 1290 (11th Cir. 2006). Rather, persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Id. (quotation omitted).

An asylum applicant may not show merely that she can establish a listed factor, but must show a causal connection between the persecution, or feared persecution, and a listed factor. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)). Those eligible for asylum are protected not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control. See Sanchez v. Attorney General, 392 F.3d 434, 437 (11th Cir. 2004) (concerning withholding of removal). Evidence that an individual has been the victim of criminal activity, however, does not constitute evidence of persecution based on a statutorily protected ground. See id. at 438 (citing Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001)).

To establish a "well-founded fear" of future persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. An asylum applicant can establish a well-founded fear of future persecution by presenting "specific, detailed facts showing a good reason to fear that he or she will be singled out for

4

persecution on account of" the statutorily listed factor. Sepulveda, 401 F.3d at 1231 (quotation omitted). Alternatively, an applicant can establish a well-founded fear of persecution by establishing that there is a pattern or practice of persecution of persons similarly situated on account of the statutorily listed factor. 8 C.F.R. § 208.13(b)(2)(iii). Allegations of a future threat are less persuasive if the petitioner's family remains in her country without incident. Ruiz v. U.S.Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

The BIA defines "membership in a particular social group" as persons who hold an immutable characteristic or common trait such as sex, color, kinship, or, in some cases, shared past experiences such as land ownership or military service. Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439, 439 (BIA 1987).

To obtain CAT relief, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

5

8 C.F.R. § 208.18(a)(1). If an applicant cannot show that she has a well-founded fear of persecution, then she cannot show that it is more likely than not that she would tortured. Al Najjar, 257 F.3d at 1303.

The BIA affirmed the IJ's removal order because Cantave had not shown that she had suffered persecution on account of a protected ground. As the BIA observed, Cantave "did not establish that she suffered mistreatment in the past, or is likely to suffer any harm in the future in her native Haiti, on account of a protected ground under the Act." "Rather, the motivation of the individuals who killed [her] father, briefly kidnaped [her], and beat [her] stepmother, was theft. Moreover, [Cantave] has failed to establish that she was targeted by the government of Haiti or by a group from which the government was unable or unwilling to protect her." Substantial evidence supports the BIA's conclusions that Cantave failed to establish eligibility for asylum based on a protected ground and to eligibility for CAT relief, and the record does not compel a contrary conclusion.

PETITION DENIED.